# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

MARK LOWE,

    Petitioner,

v.

                                            Civil Action No. 3:17CV292

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Mark Lowe, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the County of Chesterfield, Virginia (hereinafter, "Circuit Court"). In his § 2254 Petition, Lowe argues entitlement to relief based upon the following claims: [1]

    Claim One:    "Whether the imposition of a RACC stun belt with secret instructions to compel testimony, alter testimony and remain silent during trial infringed upon and/or violated the Petitioner's rights under the 4th, 5th, 6th, 8th and 14th amendments." (§ 2254 Pet. 6.)

    Claim Two:    "Whether the trial court violated the Petitioner's rights by unnecessarily forcing him to wear a stun belt during trial . . . ." (*Id.* at 7.)

    Claim Three:    "Whether the suppression of exculpatory evidence upon request violates due process . . . ." (*Id.* at 9.)

    Claim Four:    "Whether the record is complete without a reason for using restraints, the identification of restraints used, instructions to the . . . ." (*Id.* at 11.)

    Claim Five:    "Whether the closing statements by the prosecution were improper conduct and a reversible error." (*Id.* at 12.)

---

[1] The Court corrects the spelling, punctuation, and capitalization in the quotations from Lowe's submissions. The Court employs the pagination assigned by the CM/ECF docketing system for citations to Lowe's submissions.

Claim Six: "Whether the Commonwealth secretly compelled the release of a court ordered psychiatric examination." (*Id.* at 13.)

Claim Seven: "The Commonwealth had denied Petitioner access to the court." (*Id.* at 14.)

Claim Eight: "Whether the court denied the right to assistance of counsel for the defense during all proceedings." (*Id.* at 15.)

Claim Nine: "Whether the Petition for Writ of Habeas Corpus was denied without receiving new evidence into the record and/or timely filing a proper response from the Commonwealth's Attorney." (*Id.* at 16.)

Respondent moves to dismiss on the ground that Claims One through Eight are procedurally defaulted and barred from review here, and that Claim Nine is not cognizable in federal habeas. Lowe has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 18) will be GRANTED.

## I. PROCEDURAL HISTORY

After a jury trial, Lowe was convicted of attempted murder, two counts of use of a firearm in the commission of a felony, abduction, and discharge of a firearm at an occupied building, and was sentenced to twelve years and one month of incarceration. *Commonwealth v. Lowe*, Nos. CR13F00859–01 through –05, at 1–2 (Va. Cir. Ct. June 24, 2014).

Lowe appealed, arguing that the trial court "abused its discretion by not establishing on record the justifications and other pertinent findings to restrain [him] with a stun belt during trial . . . ." *Lowe v. Commonwealth*, No. 1178-14-2, at 1 (Va. Ct. App. Apr. 8, 2015). The Court of Appeals of Virginia denied the petition for appeal. *See id.* at 1. A three-judge panel also denied the petition for appeal. *Lowe v. Commonwealth*, No. 1178-14-2, at 1 (Va. Ct. App. June 22, 2015). The Supreme Court of Virginia refused the petition for appeal. *Lowe v. Commonwealth*, No. 151117, at 1 (Va. Apr. 18, 2016). The Supreme Court of Virginia also denied a petition for rehearing. *Lowe v. Commonwealth*, No. 151117, at 1 (Va. June 30, 2016).

On April 28, 2016, Lowe filed a petition for writ of habeas corpus in the Circuit Court raising nearly identical claims to Claims One through Eight in the instant § 2254 Petition. Petition of Habeas Corpus at 1, 12–13, *Lowe v. Dep't of Corr.*, No. CL16HC–1366 (Va. Cir. Ct. filed Apr. 28, 2016.) The Circuit Court summarily granted the Respondent's Motion to Dismiss and denied the habeas petition. *Lowe v. Dep't of Corr.*, No. CL16HC–1366, at 1 (Va. Cir. Ct. July 28, 2016).

Lowe appealed to the Supreme Court of Virginia. *Lowe v. Dep't of Corr.*, No. 161247, at 1–2 (Va. filed Aug. 12, 2016). In his appeal, Lowe renewed his eight claims and also raised a ninth issue. Corrected Petition for Appeal at 11–12, *Lowe v. Dep't of Corr.*, No. 161247 (Va. filed Sept. 19, 2016). On March 31, 2017, the Supreme Court of Virginia found "that assignments of errors nos. 1–8 are insufficient as they do not address the circuit court's rulings in" the denial of his state habeas petition, and dismissed these assignments of error pursuant to Supreme Court Rule 5:17(c)(1)(iii).[2] *Lowe v. Dep't of Corr.*, No. 161247, at 1 (Va. Mar. 31, 2017). The Supreme Court of Virginia also refused the final assignment of error. (*Id.*)

---

[2] Virginia Supreme Court Rule 5:17(c) provides, in pertinent part:

> **(c) What the Petition Must Contain.** A petition for appeal must contain the following:
>
> (1) *Assignments of Error.* Under a heading entitled "Assignment of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely, or the specific existing case law that should be overturned, extended, modified, or reversed. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.
> (i) Effect of Failure to Assign Error. Only assignments of errors assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, the petition shall be dismissed.
> . . . .
> (iii) Insufficient Assignments of Error. *An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an*

3

On April 13, 2017, Lowe filed his § 2254 Petition in this Court.

## II. CLAIM BARRED FROM FEDERAL HABEAS REVIEW

In Claim Nine, Lowe argues that "the Petition for Writ of Habeas Corpus was denied without receiving new evidence into the record and/or timely filing a proper response from the Commonwealth's Attorney." (§ 2254 Pet. 16.) In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted) (emphasis omitted). This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell–Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))). Lowe's allegation that the Circuit Court erred during state post-conviction proceedings fails to provide a cognizable basis for federal habeas corpus relief. Accordingly, Claim Nine will be DISMISSED.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C.

---

*appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. . . .* If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. Sup. Ct. R. 5:17(c) (West 2017) (emphasis added).

§ 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust Claims One through Eight, Lowe was required to present properly these claims to the Supreme Court of Virginia. Because Lowe filed his state habeas petition in the Circuit Court and that court rejected his claims, Virginia's "chosen procedural scheme" required Lowe to appeal the dismissal of his claims in his state habeas petition through an appropriate assignment of error. *Mallory*, 27 F.3d at 995; *see* Va. Sup. Ct. R. 5:17(c); *Yeatts v. Angelone*, 166 F.3d 255, 264 (4th Cir. 1999); *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) (citation omitted) (concluding that the "failure to appeal claims disposed of by a state habeas trial court

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

constitutes a procedural bar to further federal review of such claims"). Lowe identified no error in the Circuit Court's order denying his habeas petition as he was required to do, but simply repeated his claims. Because Lowe failed to raise appropriate assignments of error, the Supreme Court of Virginia found Lowe's claims barred from review pursuant to Va. Sup. Ct. Rule 5:17(c)(1)(iii). Rule 5:17(c) is an adequate and independent procedural rule when so applied. *See Hedrick v. True*, 443 F.3d 342, 360 (4th Cir. 2006); *Yeatts*, 166 F.3d at 264.[4] As discussed below, Lowe fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice.

The Court generously construes Lowe to make two arguments in support of why his claims should not be deemed defaulted. First, in his Response in Opposition, he states:

> [t]he record in the case of Lowe v. Commonwealth is incomplete. All facts were not included or adjudicated when there was an opportunity to review the case on the merits in State or Federal court. Deference to the State Court's judgment would be inappropriate under the guidelines established in Winston v. Pearson, 683 F.3d 489, 506 (4th Cir. 2012). The Commonwealth Attorney's Office had a duty to correct and update the Court after disclosure of the Joint Intelligence Bulletins.

(Resp. and Opp'n 20, ECF No. 22.) Lowe fails to explain, and the Court fails to discern, how this conclusory statement advances a basis for excusing his default.[5] Lowe identifies no cause and prejudice or fundamental miscarriage of justice.

---

[4] As Respondent also correctly points out, the Supreme Court of Virginia could have also found Claims One through Eight barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because Lowe could have raised, but failed to raise, such claims on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). For this reason also, his claims are defaulted and barred from review here.

[5] Lowe also fails to explain and the Court fails to discern how *Winston v. Pearson*, 683 F.3d 489, 506 (4th Cir. 2012) has any application to the instant habeas petition. *Winston* involved a federal court's review pursuant to 28 U.S.C. § 2254(d) of a habeas petitioner's claims that the state habeas court dismissed on the merits. *See id.* at 492–93. Here, the Supreme Court of Virginia dismissed Lowe's state habeas petition on procedural grounds and did not reach the merits of his

In his second argument, Lowe seemingly takes issue with the Rules of the Supreme Court of Virginia. Lowe states that:

> Rule 5:7 requires the petitioner to seek relief through the Virginia Supreme Court. The Rule does not require compliance with Rule 5:17. The Clerk of the Supreme Court required the Petitioner, Mark Lowe, to comply with the direct appeal procedure in Rule 5:17. The Petitioner complied with Rule 5:7 Habeas Corpus. The Habeas Corpus Rule does not require compliance with 5:17 and as function of law.

(*Id.* at 25.) Lowe is incorrect. Rule 5:7 of the Rule of the Virginia Supreme Court governs "application[s] to this Court for a writ of habeas corpus under its original jurisdiction." Va. Sup. Ct. R. 5:7(a). Lowe did not file a writ of habeas corpus in the Supreme Court of Virginia pursuant to its "original jurisdiction." Instead, Lowe clearly filed an appeal of the Circuit Court's denial of his habeas petition, *Lowe v. Dep't of Corr.*, No. 161247, at 1–2 (Va. Aug. 12, 2016), and the operative submission before the Supreme Court of Virginia was a "Corrected Petition for Appeal." Corrected Petition for Appeal, *Lowe v. Dep't of Corr.*, No. 161247 (Va. filed Sept. 19, 2016). Thus, Lowe was required to follow the Supreme Court of Virginia's rules governing the filing of appeals of decisions of the lower courts, including Va. Sup. Ct. R. 5:17. Lowe fails to demonstrate any cause or prejudice to excuse his default or a fundamental miscarriage of justice. Accordingly, Claims One through Eight are defaulted and are barred from review here. Claims One through Eight will be DISMISSED.

### IV. OUTSTANDING MOTION

Lowe filed a Motion to Amend the Response and Opposition. ("Motion to Amend," ECF No. 30.) In his Motion to Amend, Lowe makes terse arguments about procedural default. (*Id.* at

---

claims. Accordingly, this Court is not reviewing a state court's decision on the merits under the deferential standard of § 2254(d).

1.) While the Motion to Amend (ECF No. 30) will be GRANTED, it fails to alter the Court's conclusion that Claims One through Eight are defaulted.[6]

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 18) will be GRANTED. Lowe's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[7]

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: January 22, 2018
Richmond, Virginia

---

[6] Lowe also filed a Notice of Objection to the December 19, 2017 Memorandum Order. (ECF No. 41.) Petitioner indicates that the Court has "been silent on the request for relief through 60(b)-Fraud." (*Id.* at 1.) This action is presently before the Court on Lowe's § 2254 Petition, not pursuant to Federal Rule of Civil Procedure Rule 60(d), nor would Rule 60(d) be an appropriate procedural vehicle for Lowe to seek relief from a state court criminal judgment.

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Lowe fails to meet this standard.