IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK LOWE,**

Petitioner,

v.

Civil Action No. **3:17CV292**

**COMMONWEALTH OF VIRGINIA,**

Respondent.

## MEMORANDUM OPINION

Mark Lowe, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the County of Chesterfield, Virginia (hereinafter, "Circuit Court"). By Memorandum Opinion and Order entered on January 22, 2018, the Court granted Respondent's Motion to Dismiss, denied Lowe's § 2254 Petition, dismissed the action, and denied a certificate of appealability ("COA"). (ECF Nos. 43, 44.) On January 26, 2018, the Court received Lowe's notice of appeal, and accompanying "MOTION FOR CERTIFICATION OF APPEAL" and "MOTION FOR ORDER OF DESIGNATION OF RECORD ON APPEAL." (ECF Nos. 47, 48.) If Lowe wishes to challenge this Court's denial of a COA, he should file such a challenge with the United States Court of Appeals for the Fourth Circuit. Local Rule for the United States Court of Appeals for the Fourth Circuit 22(a)(1)(A) contemplates that review of a district court's denial of a COA should be directed to the Fourth Circuit not the district court. 4th Cir. Loc. R. 22(a)(1)(A) (when "the district court has not granted a [COA] . . . appellant may submit a request for a [COA] with the Court of Appeals specifying the issues on which the appellant seeks authorization to appeal and giving a statement of the reasons why a certificate should be issued"). Accordingly, Lowe's "MOTION FOR CERTIFICATION OF APPEAL (ECF No. 47) is DENIED.

Second, to the extent that Lowe desires the "entire file" be sent to the Fourth Circuit, the Fourth Circuit will request the records it needs to review his case. Lowe's "MOTION FOR ORDER OF DESIGNATION OF RECORD ON APPEAL" (ECF No. 48) is DENIED.

On January 31, 2018, the Court received "OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS." (ECF No. 51.)[1] As a preliminary matter, the Court did not enter a Report and Recommendation and therefore there is nothing to which Lowe can object. However, because the Court received these Objections within twenty-eight days after the entry of the January 22, 2018 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 51). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The Court construes Lowe's submission as a request for relief under Rule 59(e) to correct a clear error of law.

Lowe's Rule 59(e) Motion is rambling and is not clearly directed at a specific conclusion of the Court. Lowe first argues that the Court erred when it found that Lowe had defaulted his claims and that the district court should have conducted an evidentiary hearing. (Rule 59(e) Mot.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to this submission.

2

1, 3.) While Lowe cites several cases to suggest that he did not default his claims, his meandering argument makes little sense. Lowe fails to demonstrate any clear error of law in the conclusion that his claims are defaulted and barred from review here. The remainder of Lowe's Rule 59(e) Motion appears to re-argue his claims from his § 2254 Petition and to continue to advance allegations about unrelated conspiracy theories. (*See, e.g.*, ECF No. 51, at 5, 6.) Because Lowe fails to identify any clear error of law in the Court's conclusions, he is not entitled to Rule 59(e) relief. Accordingly, his Rule 59(e) Motion (ECF No. 51) will be DENIED.

Finally, on February 6, 2018, Lowe filed a "Motion to Amend Motion for Set Aside" ("Motion to Amend," ECF No. 52.) The Court construes this submission as raising additional arguments for Rule 59(e) relief. In the Motion to Amend, Lowe takes issue with Virginia Supreme Court Rule 5:7 and argues that the Commonwealth has "tricked [him] into filing [an] incomplete habeas corpus petition[]" and that there are "no published rules for the alleged 'appeal of petition of habeas corpus'." (*Id.* at 1–2.) Lowe already advanced this argument in his § 2254 Petition, and the Court found that it failed to excuse his default. (ECF No. 43, at 8.) As clearly explained in the Court's Memorandum Opinion, Lowe appealed the denial of his state habeas petition by the Circuit Court to the Supreme Court of Virginia. Therefore, Supreme Court Rule 5:17(c)(1)(iii) governed his filing, and Lowe was required to identify appropriate assignments of error. (ECF No. 43, at 3–4, 6–7.) Contrary to Lowe's belief, this Rule is clearly published. Lowe again fails to identify any clear error of law, and his Motion to Amend (ECF No. 52) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate

3

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Lowe fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: March 19, 2018
Richmond, Virginia